UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David Barron,

    Petitioner,

    v.                                          Civil Action No. 1:12-cv-92

Andrew Pallito, Vermont
Department of Corrections,

    Respondents.

## ORDER

David Barron, a Vermont inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 4.) Barron is currently serving a state sentence of twenty years to life after having been convicted of sexual assault on a minor. His petition asserts a series of claims, including: that his confession was coerced; that he was questioned by law enforcement without receiving *Miranda* warnings and without his lawyer present; that his victim changed her story and thus was not credible; that his lawyer did not allow him to testify on his own behalf; and that he should not have been sentenced as a habitual offender because one of his previous offenses was no longer a crime under Vermont law.

Respondents have opposed the petition, arguing that Barron is trying to re-litigate issues that either have been addressed, or should have been raised, in the state courts. For the reasons set forth below, the Court finds that Barron's petition sets forth a mix of exhausted and unexhausted claims, and requires further guidance from Barron as to

whether he (1) wants to delete the unexhausted claims from his petition so that the Court may address his exhausted claims, or (2) argue for a stay and abeyance of his petition while he pursues his unexhausted claims in state court.

## **Factual and Procedural Background**[1]

On July 5, 2007, police responded to a domestic altercation between Barron and his wife. Barron was found to be in violation of his probation, was charged with disorderly conduct, and was taken into custody. During the transport to the sheriff's office, Barron voluntarily stated that his wife wanted him arrested so that she could carry out an affair with A.M., a fifteen-year-old girl living in their home. At the sheriff's office, he wrote an affidavit describing the altercation with this wife, and noted again that his wife was having a sexual relationship with A.M. He also claimed that his wife and A.M. had threatened to have him "locked up" if he revealed their relationship.

On July 11, 2007, a detective interviewed Barron to investigate the allegations about his wife. The investigation took place at the Chittenden Regional Correctional Facility, where Barron was being held based upon his probation violation. The detective did not provide a *Miranda* warning, and no attorney was present. On July 16, 2007, the detective met with Barron's wife and with A.M. A.M. confirmed having had sexual relations with Barron's wife, but initially denied having relations with Barron himself. During a second interview, however, conducted on August 1, 2007, A.M. stated that she had had sexual contact with both Barron and his wife.

---

[1] This factual background is derived in large part from the factual summary set forth by the Vermont Supreme Court in *State v. Barron*, 16 A.3d 620, 623-25 (Vt. 2011).

That same day, Barron telephoned the detective and left a message stating that he had more information. At that point, Barron had been released from prison and was living with his mother. The detective arranged a meeting for August 2, 2007 near Barron's mother's house.

Barron was waiting at the meeting place when the detective arrived, and voluntarily entered the detective's vehicle. The detective recorded the interview using a hidden recorder. Although the discussion began with Barron's problems with his wife, the detective directed the conversation toward Barron's claims about his wife's relationship with A.M. Barron admitted during this conversation that he had participated in "threesomes" with his wife and A.M., and had once had sexual intercourse with A.M.

Barron was subsequently charged with two counts of sexual assault on a minor under 13 V.S.A. § 3252(c), and was ultimately convicted by a jury. He was also found to be a habitual offender, as he had been convicted of three felonies prior to this latest offense. As noted above, Barron is currently serving a sentence of twenty years to life.

Barron appealed his conviction and sentence to the Vermont Supreme Court. In his appeal, he raised three arguments. First, in reference to his questioning on July 11, 2007 and August 2, 2007, he argued that he was subjected to interrogations while in custody and was not provided a *Miranda* warning. Second, he claimed that his right to counsel was violated during both interviews. Third, he claimed that the habitual offender statute should not have applied because one of his previous offenses–a sexual assault conviction under a state statute that had since been amended–was no longer a crime. *See Barron*, 16 A.3d at 623.

The Vermont Supreme Court affirmed the conviction. In doing so, the court concluded that, with respect to the questioning on July 11, 2007, law enforcement *had* violated Barron's rights under *Miranda*, as well as his Sixth Amendment right to counsel. The court further found, however, that these violations did not justify suppression of all later statements, concluding that "the connection between defendant's first interview and the statement twenty days later in the second interview is too attenuated to find the admission in the second interview to be the fruit of the poisonous tree." *Id.* at 629.

With regard to the August 2, 2007 questioning, the Vermont Supreme Court held that *Miranda* warnings were not required because the questioning was non-custodial, and that Barron's right to counsel had not been triggered because at the time of the interview he had not yet been charged with sexual assault. The court also rejected Barron's habitual offender argument, relying upon its own case law and a statutory "savings clause" to hold that a sentence issued prior to a statutory change did not require resentencing. *Id.* at 632.

Barron did not file for post-conviction relief in state court. He did, however, file a motion for sentence reconsideration under 13 V.S.A. § 7042. Section 7042 permits reduction of a sentence within ninety days after final judgment is entered. *See* 13 V.S.A. § 7042(a). In his motion for reconsideration, Barron argued that his sentence was unfair when compared to the sentence received by his co-defendant. (Doc. 7-1 at 1.) Superior Court Judge Kupersmith denied the motion, noting that "[t]his is Defendant's third conviction for sexual assault on a minor" and citing the court's duty to "protect the

4

community." (*Id.* at 5-6.) There is no indication in the record that Barron appealed Judge Kupersmith's ruling.

Barron filed his *pro se* habeas corpus petition in this Court on May 8, 2012. The petition raises several arguments for relief, including an allegation that law enforcement tampered with evidence in order to conceal police coercion that led to Barron's confession. Specifically, Barron claims that one of the recordings of his conversations with law enforcement was edited so that there was no evidence of the detective's alleged threat to "bring [Barron] to jail leaving [his] mother without [Barron] to care for her." (Doc. 4 at 5.) Barron contends that his "conviction was [based] solely on that inter[r]ogation and tampered evidence." (*Id.*) This allegation of coercion and tampering does not appear to have been raised previously in the state courts.

Barron further claims, for the first time, that defense counsel did not allow him to testify on his own behalf, and that counsel should have had the police audio tape analyzed for tampering. Barron also claims, apparently for the first time, that prosecution witnesses changed their stories and testified against him only after he threatened to "call [the Department for Children and Families] on them." (*Id.* at 10.) Barron further asks the Court, as he did in his state court motion for reconsideration, to review his sentence in light of the fact that his co-defendant "received 3-16 suspended." (*Id.* at 5.) Barron's remaining claims were raised in his appeal to the Vermont Supreme Court, as he again argues that one of his prior offenses is no longer a crime under Vermont law, and that law enforcement violated his *Miranda* rights and his Sixth Amendment right to counsel.

5

**<u>Discussion</u>**

Because some of Barron's arguments were not presented previously in the state courts, this Court must consider the issue of exhaustion. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2254, provides that before a federal court may consider a habeas corpus petition, the petitioner must exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Georgison v. Donelli*, 588 F.3d 145 (2d Cir. 2009). To exhaust state court remedies, "a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal court to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (quotation marks and citations omitted). The exhaustion requirement is based upon "interests of comity and federalism [which] dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005).

In this case, the Court is presented with a "mixed petition," that is, a petition that includes both exhausted and unexhausted claims. Specifically, Barron raises claims that were addressed previously by the Vermont Supreme Court, such as his *Miranda* and right to counsel claims, while other arguments, including claims that his confession was coerced and that counsel denied him the opportunity to testify on his own behalf, were never raised in "the highest court in the pertinent state." *Aparicio*, 269 F.3d at 89-90.

For a district court to review a petition filed under 28 U.S.C. § 2254, the general rule is that there must be "total exhaustion" of all claims. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). The "total exhaustion" rule requires that "a district court [ ] dismiss

habeas petitions containing both unexhausted and exhausted claims." *Id.* at 522.  There is an exception to the total exhaustion rule, set forth in the AEDPA, which allows a district court to *deny* an entire habeas corpus petition on the merits notwithstanding a petitioner's failure to exhaust all of his claims.  *See* 28 U.S.C. § 2254(b)(2).  Denial of such a petition is appropriate when the unexhausted claims are "plainly meritless."  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  A court may also review a habeas corpus petition when unexhausted claims are "deemed exhausted" because they are procedurally barred from being raised in the state courts.  *See McKethan v. Mantello*, 292 F.3d 119, 120 (2d Cir. 2002).

Here, the Court cannot determine, based upon the current record, that Barron's unexhausted claims are plainly meritless.  For example, there is nothing in the state court documents pertaining to Barron's allegation that his confession was coerced.  Respondents' opposition memorandum is unclear as to whether the issue was raised previously, stating only that Barron's allegation of misconduct by the investigating officer "should [have been], or was, [the] subject of a pre-trial motion."  (Doc. 5 at 2.)  Under Vermont law, if the issue was not raised at the trial court level there is still a possibility that it may be pursued in a post-conviction review proceeding in state court.  *See In re Laws*, 928 A.2d 1210, 1215 n.3 (Vt. 2007) (noting that "issues not raised at trial and preserved for appeal are allowed" in a post-conviction review petition); *In re Carter*, 848 A.2d 281, 286 (Vt. 2004).

The record is similarly empty with respect to defense counsel's alleged failure to have the audiotape of Barron's confession analyzed for tampering, as well as counsel's

alleged refusal to allow Barron to testify. It is well-established in Vermont that an ineffective assistance of counsel claim may be raised for the first time in a collateral proceeding. *See State v. Gabaree*, 542 A.2d 272, 274 (Vt. 1988). Accordingly, and because there is no statute of limitations for seeking post-conviction review in Vermont, state court remedies may remain available with respect to these issues. *See* 13 V.S.A. § 7131 (prisoner may filed petition for post-conviction review "at any time").

Given the presence of unexhausted claims, and my conclusion that those claims should not be found plainly meritless based upon the current record, the Court cannot consider Barron's exhausted claims at this time. Instead, the Court has several options: (1) dismiss the entire petition without prejudice; (2) allow Barron to dismiss his unexhausted claims without prejudice, in which case the Court could proceed with the exhausted claims; or (3) under very limited circumstances, the Court may stay the petition and hold it in abeyance while Barron returns to state court to exhaust his previously exhausted claims. *Rhines*, 544 U.S. at 275. In *Rhines*, the Supreme Court held that stay and abeyance should be available only where the petitioner can present good cause for failing to exhaust state remedies and the unexhausted claims are meritorious. *See id*. at 278. The Supreme Court noted, however, that if a court decides not to stay the case and a future petition may be time-barred, it should permit the petitioner to withdraw the unexhausted claims and proceed only on the exhausted claims. *See id*.

In this case, the time bar is an issue. The federal habeas corpus statute, 28 U.S.C. § 2244(d)(1), imposes a one-year limitations period on applications for a writ of habeas

8

corpus by a person in state custody. In Barron's case, that one-year period commenced 90 days after the Vermont Supreme Court decided his direct appeal, unless Barron petitioned the United States Supreme Court for a writ of certiorari. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). There is no indication of any such petition. Accordingly, with the Vermont Supreme Court having issued its opinion on January 28, 2011, Barron's federal habeas limitations period began to run on April 27, 2011.

      Also factored into this time calculation is Barron's motion for reconsideration of his sentence. Under the AEDPA, the one-year limitations period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). The question therefore arises as to whether Barron's motion qualified as an application for "other collateral review." *Id.* In *Wall v. Kholi*, 131 S. Ct. 1278, 1287 (2011), the U.S. Supreme Court considered a state court motion for sentence reconsideration and found that such a motion tolls the AEDPA limitations period. Consequently, Barron's limitations period was tolled from the motion filing date of March 31, 2011 (or more accurately, from April 27, 2011, since the limitations period did not begin until that date), to November 17, 2011 when Judge Kupersmith issued his order denying the motions, and for another 30 days–to December 17, 2011–when Barron's appeal period expired. (Doc. 7-1); *see* 12 V.S.A. § 2383 (establishing 30-day appeal period); 28 U.S.C. § 2244(d)(2)(A) (limitations period commences upon expiration of time period for seeking direct review). Because a pending federal habeas corpus petition does not toll the

9

AEDPA limitations period, *Rhines*, 544 U.S. at 274-75, the limitations period will expire on or about December 17, 2012.

If I were to recommend to the Court that the entire petition be dismissed without prejudice while Barron returns to state court and exhausts each of his claims, my Report and Recommendation would not be resolved before mid-November 2012, as there is a mandatory fourteen-day objection period. *See* 28 U.S.C. § 636(b)(1). This would leave Barron, at most, approximately 30 days in which to file his post-conviction review petition and, once state court remedies are exhausted, return to this Court. Such a period of time would be insufficient to safeguard Barron's access to federal habeas review. *See, e.g., Zarvela*, 254 F.3d at 381 (noting that district courts should generally allow petitioners 30 days to initiate state court remedies, and after exhaustion is completed, 30 days in which to return to federal court).

As dismissal without prejudice is not an appropriate course, the Court is thus left with only two options: (1) allow Barron the opportunity to withdraw his unexhausted claims; or (2) stay the petition and hold it in abeyance while Barron pursues his remaining state court remedies. With respect to the latter option, neither party has briefed the question of whether Barron can carry his burden of showing good cause for a stay, or whether his unexhausted claims have sufficient merit to warrant a stay. *See Rhines*, 544 U.S. at 278. The Court therefore requires further input from Barron on these matters.

Like the Court, Barron has options: (1) he may move to withdraw his unexhausted claims, or (2) he may argue for a stay. If he chooses the first option, Barron must file a motion to amend his petition to submit only his exhausted claims. *See Rhines*, 544 U.S.

10

at 278 ("a petitioner can always amend the petition to delete the unexhausted claims, rather than returning to state court"). The motion must be filed within 30 days of this Order.[2] If Barron would prefer that the Court stay his petition while he pursues his unexhausted claims in the state courts, he must file a motion for stay and abeyance. That motion must set forth good cause for a stay, must demonstrate that his claims are not plainly meritless, and must also be filed within 30 days. *See id.* If Barron submits either such filing within 30 days, Respondents shall have 14 days in which to file a response.

If Barron fails to choose either course within 30 days, I will recommend that the Court dismiss his unexhausted claims and proceed to a review of the exhausted claims pursuant to the standard set forth at 28 U.S.C. § 2254(d).[3] *See, e.g., McCrae v. Artus*, 2012 WL 3800840, at *10 (E.D.N.Y. Sept. 2, 2012) (noting that where courts are presented with "a mixed petition that is ineligible for a stay and that would be untimely if refiled following dismissal," they generally assume that petitioner would prefer to have his exhausted claims heard rather than have the entire petition dismissed) (collecting cases).

---

[2] Dismissal of the unexhausted claims would be without prejudice, leaving open the possibility that they might be raised again in state court. Upon state court exhaustion, however, those claims would most likely be barred from review in federal court, as they would be untimely and would constitute a second or successive petition in violation of 28 U.S.C. § 2244(b).

[3] Pursuant to 28 U.S.C. § 2254(d), a habeas corpus application "shall not be granted" unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

11

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 8th day of November, 2012.

                                         /s/ John M. Conroy
                                         John M. Conroy
                                         United States Magistrate Judge