UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

David Barron,

      Petitioner,

      v.                                          Civil Action No. 1:12-cv-92

Andrew Pallito; Vermont
Department of Corrections,

      Respondents.

# REPORT AND RECOMMENDATION
## (Doc. 4)

David Barron, a Vermont inmate proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 4.) Barron is currently serving a state sentence of twenty years to life after having been convicted of sexual assault on a minor. His Petition asserts a series of claims, including: that his confession was coerced; that he was questioned by law enforcement without receiving *Miranda* warnings and without his lawyer present; that his victim changed her story and thus was not credible; that his lawyer did not allow him to testify on his own behalf; and that he should not have been sentenced as a habitual offender because one of his previous offenses was no longer a crime under Vermont law.

Respondents have opposed the Petition, arguing that Barron is trying to re-litigate issues that either have been addressed, or should have been raised, in the state courts. Indeed, the Petition presents a mix of exhausted and unexhausted claims. Although the Court has asked Barron for guidance on how he wishes to proceed with this mix of

claims, Barron has not provided a response. Accordingly, for reasons set forth below, I recommend that the Court delete Barron's unexhausted claims from the Petition, and order Respondent to file a response on the merits of the remaining claims.

**Factual and Procedural Background[1]**

## I. Factual Background

On July 5, 2007, police responded to a domestic altercation between Barron and his wife. Barron was found to be in violation of his probation, was charged with disorderly conduct, and was taken into custody. During the transport to the sheriff's office, Barron voluntarily stated that his wife wanted him arrested so that she could carry out an affair with A.M., a fifteen-year-old girl living in their home. At the sheriff's office, he wrote an affidavit describing the altercation with this wife, and noted again that his wife was having a sexual relationship with A.M. He also claimed that his wife and A.M. had threatened to have him "locked up" if he revealed their relationship.

On July 11, 2007, a detective interviewed Barron to investigate the allegations about his wife. The investigation took place at the Chittenden Regional Correctional Facility, where Barron was being held based upon his probation violation. The detective did not provide a *Miranda* warning, and no attorney was present. On July 16, 2007, the detective met with Barron's wife and with A.M. A.M. confirmed having had sexual relations with Barron's wife, but initially denied having relations with Barron himself. During a second interview, however, conducted on August 1, 2007, A.M. stated that she had had sexual contact with both Barron and his wife.

---

[1] This factual background is derived in large part from the factual summary set forth by the Vermont Supreme Court in *State v. Barron*, 2011 VT 2, ¶¶ 1-16, 189 Vt. 193, 16 A.3d 620.

That same day, Barron telephoned the detective and left a message stating that he had more information. At that point, Barron had been released from prison and was living with his mother. The detective arranged a meeting for August 2, 2007 near Barron's mother's house.

Barron was waiting at the meeting place when the detective arrived, and voluntarily entered the detective's vehicle. The detective recorded the interview using a hidden recorder. Although the discussion began with Barron's problems with his wife, the detective directed the conversation toward Barron's claims about his wife's relationship with A.M. Barron admitted during this conversation that he had participated in "threesomes" with his wife and A.M., and had once had sexual intercourse with A.M.

## II. State Court Proceedings

Barron was subsequently charged with two counts of sexual assault on a minor under 13 V.S.A. § 3252(c), and was ultimately convicted by a jury. He was also found to be a habitual offender, as he had been convicted of three felonies prior to this latest offense. As noted above, Barron is currently serving a sentence of twenty years to life.

Barron appealed his conviction and sentence to the Vermont Supreme Court. In his appeal, he raised three arguments. First, in reference to his questioning on July 11, 2007 and August 2, 2007, he argued that he was subjected to interrogations while in custody and was not provided a *Miranda* warning. Second, he claimed that his right to counsel was violated during both interviews. Third, he claimed that the habitual offender statute should not have applied because one of his previous offenses—a sexual assault conviction under a state statute that had since been amended—was no longer a crime.

*See Barron*, 2011 VT at ¶ 1, 16 A.3d at 623.

The Vermont Supreme Court affirmed the conviction. In doing so, the court concluded that, with respect to the questioning on July 11, 2007, law enforcement *had* violated Barron's rights under *Miranda*, as well as his Sixth Amendment right to counsel. The court further found, however, that these violations did not justify suppression of all later statements, concluding that "the connection between defendant's first interview and the statement twenty days later in the second interview is too attenuated to find the admissions in the second interview to be the fruit of the poisonous tree." *Id.* at ¶ 25, 16 A.3d at 629.

With regard to the August 2, 2007 questioning, the Vermont Supreme Court held that *Miranda* warnings were not required because the questioning was non-custodial, and that Barron's right to counsel had not been triggered because at the time of the interview he had not yet been charged with sexual assault. The court also rejected Barron's habitual offender argument, relying upon its own case law and a statutory "savings clause" to hold that a sentence issued prior to a statutory change did not require resentencing. *Id.* at ¶ 37, 16 A.3d at 632.

Barron did not file for post-conviction relief in state court. He did, however, file a motion for sentence reconsideration under 13 V.S.A. § 7042. Section 7042 permits reduction of a sentence within ninety days after final judgment is entered. *See* 13 V.S.A. § 7042(a). In his motion for reconsideration, Barron argued that his sentence was unfair when compared to the sentence received by his co-defendant. (Doc. 7-1 at 1.) Superior Court Judge Kupersmith denied the motion, noting that "[t]his is Defendant's third

4

conviction for sexual assault on a minor" and citing the court's duty to "protect the community." (*Id.* at 5-6.) There is no indication in the record that Barron appealed Judge Kupersmith's ruling.

### III.  Federal Court Petition

Barron filed his *pro se* Habeas Corpus Petition in this Court on May 8, 2012. The Petition raises several arguments for relief, including an allegation that law enforcement tampered with evidence in order to conceal police coercion that led to Barron's confession. Specifically, Barron claims that one of the recordings of his conversations with law enforcement was edited so that there was no evidence of the detective's alleged threat to "bring [Barron] to jail leaving [his] mother without [Barron] to care for her." (Doc. 4 at 5.) Barron further contends that his "conviction was [based] solely on that inter[r]ogation and tampered evidence." (*Id.*) This allegation of coercion and tampering does not appear to have been raised previously in the state courts.

Barron also claims, for the first time, that defense counsel did not allow him to testify on his own behalf, and that counsel should have had the police audio tape analyzed for tampering. He further asserts, apparently for the first time, that prosecution witnesses changed their stories and testified against him only after he "called [the Department for Children and Families] on them." (*Id.* at 10.) Barron also asks the Court, as he did in his state court motion for reconsideration, to review his sentence in light of the fact that his co-defendant "received 3-16 suspended." (*Id.* at 5.) Barron's remaining claims were raised in his appeal to the Vermont Supreme Court, as he again argues that one of his prior offenses is no longer a crime under Vermont law, and that law enforcement violated

5

his *Miranda* rights and his Sixth Amendment right to counsel.

## Discussion

Because Barron's petition presents a mix of exhausted and unexhausted claims, the Court previously sought his guidance with respect to how he wished to proceed on the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005) (allowing a petitioner to delete the unexhausted claims and proceed with the exhausted claims). In an Order dated November 8, 2012 (Doc. 8), the Court advised Barron that he could (1) move to withdraw his unexhausted claims, or (2) argue for a stay while he exhausts the unexhausted claims in state court. *See id*. The Court further advised that

> [i]f he chooses the first option, Barron must file a motion to amend his petition to submit only his exhausted claims. *See Rhines*, 544 U.S. at 278 ("a petitioner can always amend the petition to delete the unexhausted claims, rather than returning to state court") (citation omitted). The motion must be filed within 30 days of this Order. If Barron would prefer that the Court stay his petition while he pursues his unexhausted claims in the state courts, he must file a motion for stay and abeyance. That motion must set forth good cause for a stay, must demonstrate that his claims are not plainly meritless, and must also be filed within 30 days. *See id.* If Barron submits either such filing within 30 days, Respondents shall have 14 days in which to file a response.
>
> If Barron fails to choose either course within 30 days, I will recommend that the Court dismiss his unexhausted claims and proceed to a review of the exhausted claims pursuant to the standard set forth at 28 U.S.C. § 2254(d). *See, e.g., McCrae v. Artus*, 2012 WL 3800840, at *10 (E.D.N.Y. Sept. 2, 2012) (noting that where courts are presented with "a mixed petition that is ineligible for a stay and that would be untimely if refiled following dismissal," they generally assume that petitioner would prefer to have his exhausted claims heard rather than have the entire petition dismissed) (collecting cases).

Over 60 days have now passed since the Court sent its November 8, 2012 Order, and Barron has not filed a motion to either amend his petition, or for a stay pending

exhaustion of his claims.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2254, provides that before a federal court may consider a habeas corpus petition, the petitioner must exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Georgison v. Donelli*, 588 F.3d 145 (2d Cir. 2009). To exhaust state court remedies, "a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (quotation marks and citations omitted). The exhaustion requirement is based upon "interests of comity and federalism [which] dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines*, 544 U.S. at 273.

As noted above, the Court is currently presented with a "mixed petition." Specifically, Barron raises claims that were addressed previously by the Vermont Supreme Court, such as his *Miranda* and right to counsel claims, while other arguments, including claims that his confession was coerced and that counsel denied him the opportunity to testify on his own behalf, were never raised in "the highest court in the pertinent state." *Aparicio*, 269 F.3d at 89-90.

For a district court to review a petition filed under 28 U.S.C. § 2254, the general rule is that there must be "total exhaustion" of all claims. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). The "total exhaustion" rule requires that "a district court [ ] dismiss habeas petitions containing both unexhausted and exhausted claims." *Id.* at 522. There is an exception to the total exhaustion rule, set forth in the AEDPA, which allows a district

7

court to *deny* an entire habeas corpus petition on the merits notwithstanding a petitioner's failure to exhaust all of his claims. *See* 28 U.S.C. § 2254(b)(2). Denial of such a petition is appropriate when the unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 277. A court may also review a habeas corpus petition when unexhausted claims are "deemed exhausted" because they are procedurally barred from being raised in the state courts. *See McKethan v. Mantello*, 292 F.3d 119, 120 (2d Cir. 2002).

Here, the Court should not determine, based upon the current record, that Barron's unexhausted claims are either plainly meritless or procedurally barred. With respect to Barron's allegation that his confession was coerced, Respondents' opposition memorandum is unclear as to whether the issue was raised previously, stating only that Barron's allegation of misconduct by the investigating officer "should [have been], or was, [the] subject of a pre-trial motion." (Doc. 5 at 2.) There is nothing in the record with respect to defense counsel's alleged failure to have the audiotape of Barron's confession analyzed for tampering, or counsel's alleged refusal to allow Barron to testify. Barron's allegation regarding a sentence disparity receives only a cursory analysis from Respondents, while his witness credibility claim is met with an argument that such issues are limited to "the trial court and the jury." (Doc. 5 at 3.)

Under Vermont law, Barron may, "at any time," request collateral relief in the form of a petition for post-conviction relief ("PCR"). *See* 13 V.S.A. § 7131 ("A prisoner who is in custody under sentence of a court and claims the right to be released . . . may at any time move the superior court . . . to vacate, set aside or correct the sentence."); *In re Laws*, 2007 VT 54 ¶ 9, 182 Vt. 66, 928 A.2d 1210 ("[o]ne fundamental aspect of post-

conviction relief is that a challenge to confinement may be brought at any time"). Among other potential bases for collateral attack, the Vermont Supreme Court has specifically recognized that "a PCR may raise ineffective assistance of counsel[.]" *Id*. Accordingly, Barron's unexhausted claims, which include claims of ineffective assistance of counsel, may not be procedurally barred, and thus should not be "deemed exhausted" by this Court. *See McKethan*, 292 F.3d at 120.

As mentioned above, the Court also has the option of granting a stay while Barron exhausts his unexhausted claims. For reasons set forth in the Court's previous Order (Doc. 8 at 8-10), a stay might be appropriate in this case, as dismissal of the entire petition without prejudice would likely result in Barron being time-barred from returning to this Court with a fully-exhausted petition. In *Rhines*, however, the Supreme Court held that stay and abeyance should be available only where the petitioner can present good cause for failing to exhaust state remedies and the unexhausted claims are meritorious. 544 U.S. at 278. The Supreme Court also noted that if a court decides not to stay the case and a future petition may be time-barred, it should permit the petitioner to withdraw the unexhausted claims and proceed only on the exhausted claims. *See id.* In this case, Barron was granted the opportunity to show good cause for a stay, and has declined to do so.

Because Barron has not responded to the Court's prior Order, I recommend that the Court DISMISS his unexhausted claims and proceed to a review of the exhausted claims pursuant to the standard set forth at 28 U.S.C. § 2254(d). *See McCrae*, 2012 WL 3800840, at *10. Should the Court adopt this recommendation, I further recommend that

the Court order Respondents to file a supplement response to the Petition within 30 days of the Court's order on this Report and Recommendation. The response should be limited to Barron's exhausted claims as described above, and should address the question of whether the Vermont Supreme Court's rulings were "contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## CONCLUSION

For the reasons set forth above, I recommend that the Court DISMISS Barron's unexhausted claims WITHOUT PREJUDICE and proceed to a review of only his exhausted claims. Should the Court adopt this Report and Recommendation, I further recommend that it require Respondents to file a supplement response to the Petition within 30 days of its order on the Report and Recommendation.

Dated at Burlington, in the District of Vermont, this 28th day of January, 2013.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge


Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).